UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DEAN SMITH, # 536597,

        Petitioner,

v.                                             Case Number: 21-cv-12012

BECKY CARL,

        Respondent.

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DENYING CERTIFICATE OF APPEALABILITY**

On August 19, 2021, Petitioner Paul Dean Smith, an inmate with the Michigan Department of Corrections ("MDOC"), filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On March 7, 2022, Respondent filed a motion to dismiss, arguing that Petitioner has not properly exhausted his state court remedies.[1] (ECF No. 8.) For the reasons explained below, the court will grant the motion to dismiss on exhaustion grounds and deny a certificate of appealability.

**I. BACKGROUND**

At the conclusion of a jury trial in Ontonagon County Circuit Court, Petitioner was found guilty of the following: Count I, breaking and entering without permission, MICH. COMP. LAWS § 750.115; Count II, first-degree home invasion, MICH. COMP. LAWS § 750.110a(2); Count III, possession of a dangerous weapon, MICH. COMP. LAWS

---

[1] Respondent alternatively seeks denial on the merits of Petitioner's petition under 28 U.S.C. § 2254(b)(2). (ECF No. 8.) The court nonetheless declines to evaluate the merits of Petitioner's claims without first enforcing the exhaustion requirement under 28 U.S.C. § 2254(b)(1).

§ 750.224(1)(a); Count IV, receiving and concealing stolen property, MICH. COMP. LAWS § 750.535(7); Count V, lying to a peace officer, MICH. COMP. LAWS § 750.479c(2)(c); Count VI, escape from lawful custody, MICH. COMP. LAWS § 750.197a; and Count VII, use of methamphetamine, MICH. COMP. LAWS § 333.7404(2)(a). (*See* ECF No. 9.) He was sentenced, as a second habitual offender under MICH. COMP. LAWS § 769.10, to serve concurrent terms of 24 to 90 months' imprisonment for possession of a dangerous weapon and receiving and concealing stolen property, 93 days' imprisonment for breaking and entering, and 324 days' imprisonment for lying to a peace officer, escape from lawful custody, and use of methamphetamine, and to serve a consecutive term of 10 to 30 years' imprisonment for first-degree home invasion. (Id.)

Petitioner appealed by right to the Michigan Court of Appeals. (*See* ECF No. 9.) He raised the following claims through counsel: (1) the admission of hearsay evidence violated the Confrontation Clause; (2) the trial court erred when it included an assault theory to support the home invasion charge because the felony information did not include such a theory and counsel was ineffective for failing to object; (3) insufficient evidence supported the home invasion and lying to a police officer convictions; and (4) the trial court erred in scoring sentencing guidelines. (Id.) Petitioner also filed a *pro per* supplemental brief, arguing that trial counsel failed to investigate and prepare his defense. (Id.) The Michigan Court of Appeals vacated Petitioner's receiving and concealing stolen property conviction while affirming in all other respects. *People v. Smith*, No. 347604, 2021 WL 70574, at *1 (Mich. Ct. App. Jan. 7, 2021).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. (*See* ECF No. 9.) In his application, he raised all but one of the claims asserted

2

before the Michigan Court of Appeals, omitting the ineffective assistance of counsel claim contained in his *pro per* supplemental brief. (Id.) The Michigan Supreme Court subsequently denied leave to appeal. *People v. Smith*, 507 Mich. 1005 (2021).

Petitioner next filed the pending petition for writ of habeas corpus. (ECF No. 1.) He utilized a form habeas petition, listing a single claim for relief in the relevant section. However, when construing his *pro se* petition liberally, Petitioner in fact claims multiple grounds for relief. (Id. at PageID.5–6.) Specifically, he contends that: (1) the prosecutor coerced a witness to lie; (2) defense counsel and the prosecutor, by threat of force, would not allow Petitioner to testify on his own behalf; and (3) the prosecutor denied him his right to evidence. (Id.) In response, Respondent filed a motion to dismiss for failure to exhaust under 28 U.S.C. § 2254(b)(1)(A). (ECF No. 8.) Petitioner did not file a response, timely or otherwise.

## II.  DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015); *see also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *see also* 28 U.S.C. § 2254(c). A petitioner bears the burden of demonstrating that he has met the exhaustion requirement. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Here, Petitioner has failed to properly exhaust the claims contained within his petition. He has not presented any ineffective assistance of counsel arguments to the Michigan Supreme Court and has further failed to present his prosecutorial misconduct,

3

violation of his right to testify, and violation of his right to evidence claims in either Michigan appellate court. A prisoner must comply with the exhaustion requirement so long as there is still a state-court procedure available for him to do so. *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a corrective procedure is available: Petitioner may file a motion for relief from judgment in the Ontonagon County Circuit Court under MCR 6.500 *et seq.* If that motion is denied, he may seek further review by the Michigan Court of Appeals and Michigan Supreme Court through an application for leave to appeal. MCR 6.509; MCR 7.203; MCR 7.302. As such, the court will dismiss his pending habeas petition without prejudice.

### III.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). Here, reasonable jurists cannot debate the conclusion that the petition raises only unexhausted claims. Therefore, the court will deny a certificate of appealability.

Accordingly,

IT IS ORDERED that, due to Petitioner's failure to exhaust, Respondent's Motion to Dismiss Petition Under Habeas Rule 4 (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that, by extension, Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

       S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2023, by electronic and/or ordinary mail.

       S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

5